IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| KENNETH T. DEPUTY, | § | |
| | § | No. 269, 2017 |
| Plaintiff Below, | § | |
| Appellant, | § | Court Below: Superior Court of the |
| | § | State of Delaware |
| v. | § | |
| | § | C.A. No. N12C-05-163 |
| DR. J. CONLAN, | § | |
| | § | |
| Defendant Below, | § | |
| Appellee. | § | |

Submitted: May 11, 2018
Decided: July 12, 2018

Before **STRINE**, Chief Justice; **SEITZ** and **TRAYNOR**, Justices.

**O R D E R**

This appeal is from the Superior Court's order of June 20, 2017, granting summary judgment to the defendant-below/appellee, Dr. J. Conlan, in a consolidated action.[1] Having considered the parties' briefs on appeal and the Superior Court record, the Court has concluded that the appeal must be dismissed, without prejudice, for the appellant's failure to comply with Supreme Court Rule 42 when filing an appeal from an interlocutory order. The Superior Court's order on appeal did not resolve the action against the State defendants—James Welch and Thomas

---

[1] By order dated October 14, 2013, the Superior Court consolidated C.A. No. 07C-01-202 and C.A. No. N12C-05-163.

Carroll—and was not certified as a final judgment under Superior Court Civil Rule 54b).[2]  In the absence of the Rule 54(b) certification, the appeal is interlocutory.

NOW, THEREFORE, IT IS ORDERED that the appeal is DISMISSED without notice, *sua sponte*, under Supreme Court Rule 29(c).  The mandate shall issue forthwith.

BY THE COURT:

/s/ Gary F. Traynor
Justice

---

[2] *Harrison v. Ramunno*, 730 A.2d 653, 653–54 (Del. 1999) ("When a civil action involves multiple claims and multiple parties, a judgment regarding any claim or any party does not become final until the entry of the last judgment that resolves all claims as to all parties unless an interlocutory ruling as to a claim or party is certified pursuant to Superior Court Rule 54(b).")